It is not usual to perceive but two sides to a cause, but this seems to strike me in a different point of view, from that in which it has been considered by the other members of the Court.
There is no doubt but this was a fair contract when it was made, and it seems to me that it ought to be considered as having all the obligation *Page 48 
originally attached to it. If the defendant made an advantageous bargain, he ought to have the benefit of it. When the contract was made, it was in the contemplation of the parties, that there would be a risk in the defendant's getting a right to the 200 acres, which he was to convey, for it was provided that in case he should not, he was to pay 200l. in lieu of the land.
It was determined in this court, that the covenants in the article were independent, but I do not see that this can bear upon the decision of this cause.
The allegation in the bill respecting the insolvency of the defendant appears to be a substantial charge and not by inference, from what bad been previously charged as to the dismission of the bill. This court must take the contract as it stands, and cannot take into view any alteration of the value of the property exchanged.
Upon a former occasion I was inclined to think that a sheriff's sale of a legal right would convey the property free from any equitable encumbrances, but upon further consideration, and looking into the books, it has since appeared differently to me, and that such sale can convey no greater right than the individual held. Vide
Amb. 724; 1 Bro. C. C. 302.
Proof having been exhibited respecting the incapacity of the defendant to perform his part of the contract, I am of opinion that the contract should be adjusted by adding the amount of rent to the 200l. Virginia currency and interest thereon from the time the suit of Berry against Amis was dismissed until the injunction in this case was granted, deducting out of this sum the amount of rent paid by the defendant to the plaintiff, and that the balance be applied as a credit for the plaintiff against the judgment obtained by the defendant at law for $2,000, and, after deducting this credit, that the injunction be dissolved for the balance.